IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JACK STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 12-cv-1419 |
| | ) |
| ILLINOIS DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Illinois Department of Corrections' (Department) Motion to Dismiss (d/e 4) (Motion). For the reasons set forth below, the Court recommends that the Motion should be ALLOWED in part and DENIED in part.

<u>STATEMENT OF FACTS</u>

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Stevens. <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996).

Plaintiff Jack Stevens suffers from bipolar disorder. Stevens was hospitalized for depression in August of 2000. On March 12, 2001, Stevens began working for the Department as a Correctional Officer. Stevens disclosed the 2000 hospitalization to the Department prior to his hiring. Complaint (d/e 1), ¶¶ 4-5.

In late 2004 and early 2005, Stevens experienced a depressive episode. One cause of the depressive episode was harassment from a fellow correctional officer. On January 31, 2005, Stevens disclosed his depression to the Assistant Warden at Pontiac Correctional Center. The Assistant Warden told Stevens to see the Department's Chief of Mental Health, Dr. Amy Ray. On February 2, 2005, Dr. Ray recommended hospitalization. Stevens was hospitalized for three days of inpatient treatment for depression. Stevens was placed on administrative leave at this time. Complaint, ¶¶6-10.

On March 23, 2005, Stevens saw the Department's psychiatrist Dr. Joseph Bolen, M.D. Stevens was still on administrative leave at this time. Dr. Bohlen stated that Stevens would be able to return to work without restrictions in one month. The Department received Dr. Bohlen's report on April 1, 2005. Complaint, ¶11-12.

On April 7, 2005, the Department ordered Stevens back to work on April 20, 2005. On April 18, 2005, Stevens asked for a reasonable accommodation of his condition in the form of a transfer to a different location or shift. On April 19, 2005, the Department informed Stevens he could not return to work. On April 21, 2005, Stevens filed a charge of discrimination simultaneously with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR). Complaint, ¶¶ 13-16, and Exhibit A, Request for Reasonable Accommodation.

On April 25, 2005, the Department issued a memorandum to all employees which stated that the Department is prohibited by law from issuing a firearm to any employee who has been an inpatient in a mental hospital within the last five years unless the Illinois State Police provides a waiver of the prohibition for the individual. Complaint, Exhibit B, Department Memorandum dated April 25, 2005; see 430 ILCS 65/10(c). The memorandum stated that the Department "shall not keep an employee who has been a patient in a mental hospital within the last five years in a position in which use of a firearm is an essential function of the job." Id. The memorandum stated that the Department would hold a review hearing for any such employee.

On June 20, 2005, Stevens received notice that he was referred to a hearing officer for a hearing. The notice alleged that Stevens was unable to perform the essential functions of his job as a correctional officer because he could not carry a firearm. Stevens received the notice on June 21, 2005. Most correctional officers do not regularly carry firearms in the course of their duties. On June 22, 2005, Stevens filed a second charge of discrimination. The hearing was held on June 30, 2005. The hearing officer recommended suspension for 30 days pending discharge. Complaint, ¶¶ 19-21.

On July 12, 2005, Stevens applied to the Illinois State Police for a waiver that would permit him to carry a firearm. On July 29, 2005, Stevens was placed on suspension pending discharge. On August 9, 2005, Stevens requested a reasonable accommodation in the form of a lateral transfer to a position that did not require carrying a firearm. On August 16, 2005, the request for an accommodation was denied. On August 25, 2005, the Department discharged Stevens. Stevens filed a grievance of his discharge under his union's collective bargaining agreement with the Department. Complaint, ¶¶ 22-26.

On November 23, 2005, the Illinois State Police issued Stevens a waiver allowing him to carry a firearm. Stevens requested receiving

reinstatement from the Department after securing the waiver.  The Department conditioned any reinstatement on withdrawal of Stevens' charges of discrimination pending before the IDHR.  Stevens and the Union refused to accept this condition.  On May 30, 2006, an arbitrator awarded Stevens' reinstatement and back pay back to November 23, 2005.

Stevens alleges that the Department discriminated against him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 et seq. by refusing to accommodate his disability and retaliated against him for filing charges of discrimination by discharging him, and further retaliated against him by offering to grant his request for reinstatement on condition that he withdraw the pending charges of discrimination.[1]  Stevens seeks declaratory relief, back pay for the period from June 29, 2005 to November 23, 2005, noneconomic damages, punitive damages, attorney fees and costs.  The Department moves to dismiss the Complaint.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and

---

[1] This Court has jurisdiction because Illinois has waived its Eleventh Amended sovereign immunity for such claims.  745 ILCS 5/1.5(d); see Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001).

allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).

Stevens states a claim for both disability discrimination and retaliation under the ADA. To state a claim for discrimination, Stevens must allege that he is a qualified individual with a disability, he can perform the essential functions of his job with or without a reasonable accommodation, and the Department subjected him to an adverse employment action due to his disability. Kersting v. Wal-Mart Stores, Inc., 250 F.3d 1109, 1115 (7th Cir. 2001); see Serwatka v. Rockwell Automation, Inc., 591 F.3d 957, 961-62 (7th Cir. 2010) (plaintiff in an ADA case must prove "but for" causation to establish discrimination, citing Gross v. FBL Financial

Services, Inc., 557 U.S. 167, 177 (2009)).[2]  To state a claim for retaliation, Stevens must allege that he engaged in protected activity and the Department retaliated against him for that protected activity by subjecting him to an adverse employment action.  See Graham v. St. John's United Methodist Church , – F.Supp.2d –, 2012 WL 5298156, at *6 (S.D. Ill. October 25, 2012).

An individual with a disability includes an individual who has a physical or mental impairment that substantially limits one or more major life activity of the individual.  42 U.S.C. § 12102(1).  An individual with a disability is "a qualified individual" if he can perform the essential functions of the job at issue with or without a reasonable accommodation.  42 U.S.C. § 12111(8).

An adverse employment action for purposes of a discrimination claim is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibility, or a decision causing a significant change in benefits."  Lewis v. City of Chicago, 496 F.3d 645, 653 (7th Cir. 2007) (quoting Bell v. E.P.A., 232 F.3d 546, 555 (7th Cir. 2000)).  For purposes of a retaliation claim, an adverse

---

[2] Stevens may use either the direct or indirect methods of proof to establish his claim.  See e.g., Dickerson v. Board of Trustees of Community College Dist. No. 522, 657 F.3d 595, 600-01 (7th Cir. 2011).  Stevens, however, always bears the ultimate burden of proof to show that the Department discriminated or retaliated against him because of his disability.  See St Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993).

employment action is an action that would dissuade a reasonable worker from making or supporting a charge of discrimination. <u>Burlington Northern and Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 68 (2006). The use of the term "reasonable worker" in the definition indicates that the test is objective and not based on the subjective response of the plaintiff to the employer's actions. <u>See</u> <u>Lucero v. Nettle Creek School Corp.</u>, 566 F.3d 720, 729 (7th Cir. 2009).

In this case, Stevens alleges that he suffers from bipolar disorder of such severity that he periodically requires inpatient hospitalization. When read favorably to Stevens, these allegations are sufficient to create an issue of fact regarding whether he is disabled. <u>See</u> <u>Den Hartog v. Wasatch Academy</u>, 129 F.3d 1076, 1081 (7th Cir. 1997) (bipolar disorder is a disability under the ADA). The allegations at least create an issue of fact.

Stevens requested a reasonable accommodation. He explained how a transfer would provide a reasonable accommodation in his written request dated April 18, 2005, attached to the Complaint as Exhibit A. <u>See</u> Fed. R. Civ. P. 10(c) (documents attached to the complaint are part of the complaint for all purposes). A day after he submitted the request for an accommodation, the Department told him that he could not return to work. When read favorably to Stevens, these actions could be viewed as

discrimination by continuing his administrative leave rather than providing a reasonable accommodation.  See Ekstrand v. School Dist. of Somerset, 583 F.3d 972, 975 (7th Cir. 2009).

Stevens was later suspended.  He made another request for an accommodation and filed additional charges of discrimination and was discharged.  These allegations, when read favorably to Stevens, are sufficient to allege that he was discriminated against because of his disability and retaliated against because he filed charges of discrimination.  Stevens states a claim.  The Department's arguments to the contrary with respect to this portion of Stevens' claim are unpersuasive.

Stevens, however, does not state a claim for retaliation based on the Department's offer to reinstate Stevens only if he withdrew his charges of discrimination pending before the IDHR.  Stevens fails to allege that the Department subjected him to an adverse employment action, or any action, at this point in time.  According to the Complaint, Stevens was already discharged, he had charges pending before the IDHR, and he had a grievance proceeding pending under the terms of the CBA.  He asked for reinstatement because the ISP authorized him to carry a firearm.[3]  The

---

[3] Stevens does not allege the elements of a retaliation claim based on a failure to hire.  He does not allege that the Department had an opening, he applied, and the Department retaliated against him by refusing to hire him for the position.  See e.g., Dickerson v. Board of Trustees of Community College Dist. No. 522, 657 F.3d 595, 600 (7th Cir. 2011).

Department responded that it would reinstate him if he dropped the administrative disputes. He said no. The Department said no. The Department took no action against Stevens at that point in time. Stevens was still discharged, he still had charges pending before the IDHR, and he still had an ongoing grievance proceeding. The Department simply elected to maintain the status quo and allow the matter to be resolved through the administrative and grievance process in the normal course. Stevens suffered no new adverse employment action. Stevens fails to state a claim for retaliation based on the Department's decision to condition reinstatement on withdrawal of Stevens' charges of discrimination.

The Department argues that the claims in the Complaint are beyond the scope of the allegations in Stevens' charges of discrimination (collectively Charges). The allegations in an ADA civil action must be within the scope of the allegations in the charge of discrimination filed with the EEOC, "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . . ." Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 544 (7th Cir. 1988) (quoting Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985)). To be within the scope of the charge, a complaint must

allege claims that are "like or reasonably related to the charge." Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 550 (7th Cir. 2002). The claims are reasonably related if they would reasonably be expected to "grow out of an EEOC investigation of the charge." Id. (quoting Harper v. Godfrey Co., 45 F.3d 143, 147-48 (7th Cir. 1995). At a minimum, the complaint and the charge "must describe the *same conduct* and implicate the *same individuals*." Id. (quoting Harper, 45 F.3d at 147-48) (emphasis in the original).

The Department has submitted Charges to the Court in support of the Motion. Memorandum of Law in Support of Defendant's Motion to Dismiss (d/e 5), Exhibit 3, Charges. The Court can consider the Charges at the motion to dismiss stage because Stevens referred to the Charges in the Complaint and the Charges are central to the claim. Hecker v. Deere & Co., 556 F.3d 575, 582 (7th Cir. 2009).

The Department argues that the retaliation claims are barred because they are not set forth in the Charges. Moreover, the Department argues that the discrimination claims in the Complaint are also beyond the scope of the Charges because Stevens refers to the Illinois Human Rights Act rather than the ADA in the Charges. Stevens' references to the Illinois Human Rights Act rather than the ADA in the Charges are immaterial for

determining whether the Complaint is within the scope of the charge. The factual allegations of discrimination in the Complaint are reasonably related to the factual allegations of discrimination in the Charges, and so, within the scope of the charge. Stevens is also not required to file additional charges of discrimination based on retaliation when the retaliation allegedly arose because he initially filed the Charges. McKenzie v. Illinois Dept. of Transp., 92 F.3d 473, 482 (7th Cir. 1996). The claims for discrimination and retaliation up to the time of his discharge are not barred as beyond the scope of the Charges.

     The Department argues that Stevens failed to exhaust his administrative remedies. The Department seems to argue that Stevens must exhaust his state administrative remedies before bringing an ADA action. This is incorrect. A plaintiff must file a charge of discrimination and give the EEOC or the relevant state agency, here the IDHR, the opportunity to investigate. 42 U.S.C. §§ 2000e-5 and 12117. After an appropriate period of time, if the matter is still unresolved, the plaintiff may then ask the EEOC to issue a right to sue notice. Once the notice is issued, the plaintiff has ninety days to file suit. Id. Stevens did just this: he filed the Charges simultaneously with the IDHR and the EEOC; he pursued the Charges administratively with the IDHR under the Illinois Human Right Act; after the

appropriate period of time, he elected to drop the state administrative proceeding and seek permission from the EEOC to file an ADA action; and the EEOC issued a right to sue notice.  Stevens exhausted his administrative remedies.

Lastly, the Department seeks dismissal of Stevens' claim for punitive damages.  Punitive damages are not available against the Department. 42 U.S.C. § 1981a(a)(2) and (b)(1).  The claim for punitive damages should be dismissed.

WHEREFORE THIS COURT RECOMMENDS that the Defendant Illinois Department of Corrections' Motion to Dismiss (d/e 4) be allowed in part and denied in part.  The Court should dismiss the claim that the Department retaliated against Stevens in violation of the ADA by conditioning reinstatement on withdrawal of his charges of discrimination and should dismiss the request for punitive damages.  The remainder of the Motion should be denied.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of

objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

Enter:	March 20, 2013

					  *s/ Byron G. Cudmore*
					UNITED STATES MAGISTRATE JUDGE