E-FILED
Wednesday, 03 July, 2013  12:46:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-1419 |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

This matter is before this Court following a Report and Recommendation [#10] issued by United States Magistrate Judge Byron G. Cudmore recommending Defendant's Motion to Dismiss be allowed in part and denied in part. Defendant, Illinois Department of Corrections ("IDOC") filed its Objection [#12] and Plaintiff, Jack Stevens ("Stevens") filed his Objection [#13]. For the following reasons the Court adopts in-part, the findings of the Report and Recommendation [#10].

The facts of this case are recounted in greater detail in the Report and Recommendation ("R&R"). However, briefly they are as follows: Stevens suffered from bipolar disorder and was hospitalized for depression in August 2000. He was hired by IDOC as a correctional officer and began working on March 12, 2001. He disclosed his hospitalization prior to being hired.

In 2004-05, Stevens began suffering from depression, some linked to harassment from a co-worker. He informed the Assistant Warden at Pontiac Correctional Center that he was suffering from the depression in 2005. The Assistant Warden informed the Department's Chief of Mental Health who recommended that Stevens be hospitalized. He was then placed on

administrative leave and was treated on an inpatient basis for 3 days. On March 23, 2005, an IDOC psychiatrist recommended that Stevens be able to return to work in one month without restrictions. On April 7, the IDOC ordered him back to work and on April 18, he requested to be transferred to a different location or shift. The following day he was informed that he could not return to work. On April 21, 2005, he filed a charge with the Equal Employment Opportunity Commission and Illinois Department of Human Rights.

On April 25, 2005, the IDOC issued a memorandum that prohibited all employees who had been an inpatient in a mental hospital within the last 5 years from carrying a firearm unless they had a waiver from the Illinois State Police. The memorandum stated that any such employee would not be kept in a position in which use of a firearm is an essential function of the job. The memorandum also stated that the IDOC would hold hearings for all such employees.

Stevens received notice on June 21, 2005 that he was referred to a hearing. The notice alleged that he was unable to perform the essential function of his job as a corrections officer because he could not carry a firearm even though most corrections officers do not carry firearms. The next day Stevens filed a 2nd charge of discrimination. The hearing was held on June 30, 2005 and recommended a 30 day suspension pending discharge.

On July 12, Stevens applied to the ISP for a waiver to permit his carrying a firearm. On July 29, he was placed on suspension pending discharge. On August 9, he requested an accommodation of a lateral transfer to a position which did not require use of a firearm. That request was denied August 16 and he was discharged on August 25. Stevens was later granted a waiver by the ISP in November 2005 and applied to reinstatement based on the waiver. The IDOC conditioned any reinstatement on his withdrawal of his complaints pending before the IDHR. Stevens refused to accept this and on May 30, 2006, an arbitrator awarded him

reinstatement and back pay to November 23, 2005.

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

IDOC's sole objection is to the portion of the R&R that makes it a viable issue that Stevens was denied a reasonable accommodation when the IDOC refused to transfer him. IDOC cites to Weiler v. Household Finance Corp., 101 F.3d 519 (7th Cir. 1996) for the proposition that, as a matter of law, a request for transfer is not a reasonable accommodation. However, Weiler differs from the situation here because the employer offered the plaintiff accommodations that were refused. Here, IDOC made no effort to accommodate Stevens. Further, a different supervisor was requested but so too was a new position and different hours, all not necessarily directly related to his supervisor. Therefore this Court adopts the portion of the Report and Recommendation that pertains to Stevens complaint that IDOC failed to make reasonable accommodations in violation of the ADA.

Stevens' sole objection is to the portion of the R&R that recommends dismissal of his retaliation claim when the IDOC refused to allow him to return to work unless he dropped his charge of discrimination with the IDHR. The Report and Recommendation found that there was no adverse employment action taken because Stevens had already been discharged. In order to prove retaliation under the ADA, as under Title VII, Stevens must prove: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse action; (3) a causal link between the protected activity and the adverse action. Talanda v. KFC Nat. Mgmt. Co., 140 F.3d 1090, 1095 (7th Cir. 1998). Here, Stevens chose to challenge his dismissal and he sought reinstatement. His

employer agreed to the reinstatement, conditioned upon his withdrawing the charge of discrimination before the IDHR.

Stevens challenges the Magistrate's finding that the Complaint failed to allege that the IDOC subjected him to an adverse employment action, or any action, at that point in time based on the fact that Stevens had already been discharged and therefore no action was taken and nothing changed. This finding, on its face, may be a reasonable interpretation of the law. However, the question remains: is it an adverse employment action, if, as here, Stevens is engaged in a statutorily protected activity–his discrimination claim with the IDHR–and there is a causal link between him not being reinstated and his choice to not dismiss his claim before the IDHR? This Court believes that the issue of whether he would be reinstated, subject to giving up a constitutionally protected right, *i.e.*, the freedom to complain about discrimination based on a disability, is sufficient to survive at this stage of the proceedings. Accordingly, the Court finds that Stevens has stated a valid claim for retaliation.

Therefore, for the foregoing reasons, the Report and Recommendation [#10] is adopted in that Stevens claim for discrimination under the ADA for denying him a reasonable accommodation survives and the Report and Recommendation [#10] is not adopted in that Stevens retaliation claim for failing to reinstate him survives as well.

ENTERED this __3rd__ day of July, 2013.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge